Filed 10/27/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B259137 |
| Plaintiff and Respondent, | (Super. Ct. No. 2014010819) |
| | (Ventura County) |
| v. | |
| HILLARY TRAVON WHITE, | |
| Defendant and Appellant. | |

Hillary Travon White has a strong arm.  He threw a metal showerhead at reinforced glass with sufficient force to shatter the glass, causing particles to hit peace officers on the other side  As we shall explain, this conduct may constitute assault by force likely to produce great bodily injury.  It is not "open season"  for prisoners to throw missles at prison guards, even when they are protected by reinforced glass.

Appellant was convicted by jury of two counts of assault on a peace officer with force likely to produce great bodily harm.  (Pen. Code, § 245, subd. (c).)[1]  He was sentenced to prison for five years four months.  He contends that he was not aware of facts that would lead a reasonable person to realize that a battery would probably and directly result from his conduct.  (*People v. Williams* (2001) 26 Cal.4th 779, 782.)  We affirm.

On December 3, 2013, appellant was incarcerated at a CYA facility and got into a fist fight with another inmate.  Appellant refused to stop fighting and was "pepper

---

[1] All statutory references are to the Penal Code.

sprayed" by CYA Correctional Counselor Elmore.  Angry, appellant called Elmore a "bitch" because he was the only one "pepper sprayed."

Appellant was permitted to wash off in a shower that had a window facing the control desk where Elmore and Parole Agent Zavala were seated.  The desk was six feet away from the shower window, which was a multi-paned partition constructed of wire-reinforced glass.  Some glass panes were missing.

Appellant broke off the metal showerhead and threw it in the direction of the window.  Elmore heard a "loud thud and shattering glass."  The showerhead bounced back but broke a window pane, spraying glass particles on Elmore and the desk countertop.  Elmore felt a sliver of glass hit her eye, alerted her coworkers, and went to the restroom to treat her eye.

Appellant moved to within one or two feet from the window, picked up the showerhead, and threw it again.  Zavala heard "another loud bang" and felt a shower of glass particles hit her.  A piece of glass cut her lip.  The showerhead penetrated the window and landed near the desk.

*Sufficiency of the Evidence*

Appellant argues that the evidence does not support the finding that he knew that throwing the showerhead would probably and directly result in the application of force to another person.  As in every sufficiency of the evidence case, we "consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. . . . The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt.  [Citations.]"  (*People v. Mincey* (1992) 2 Cal.4th 408, 432.)

In order to convict on the charged offenses, the jury had to find that appellant (1) willfully committed an act which by its nature would probably and directly result in injury to another; and (2) was aware of facts that would lead a reasonable person to realize that a battery would directly, naturally, and probably result from appellant's conduct.  (*People v. Williams* (2001) 26 Cal.4th 779, 788, 790.)  Section 245 "is directed

2

at the force used, and it is immaterial whether the force actually results in any injury. The focus is on force likely to produce great bodily injury. [Citation.]" (*People v. Parrish* (1985) 170 Cal.App.3d 336, 343.)[2]

Appellant argues that a reasonable person would assume the window was unbreakable because it was wire-reinforced glass. He amplifies the argument stating that if he wanted to harm the victims, he could have thrown the showerhead through a window pane that had no glass. That appellant had a poor aim or that the window had a safety feature are not defenses. The assault charges did not require a specific intent to injure the victims or a substantial certainty that an application of physical force will result. (*People v. Williams, supra,* 26 Cal.4th at p. 788.)

Appellant also argues that he could not be convicted based on facts he did not personally know, i.e., that reinforced glass could be broken. But that is not the test. (*Ibid.*) The test is whether a reasonable person would reasonably believe that a metal object, if thrown with great force, would directly and probably injure a person on the other side of the window. (*Ibid.*) "[A] defendant who honestly believes that his act was not likely to result in a battery is still guilty of assault if a reasonable person, viewing the facts known to defendant, would find that the act would directly, naturally and probably result in a battery." (*Id.*, at p. 788, fn 3.)

Shooting a firearm at a victim who is protected by bulletproof glass is an assault. (*People v. Valdez* (1985) 175 Cal.App.3d 103, 108.) This is akin to what

---

[2]  The jury was instructioed with CALCRIM 860 which provides: "the People must prove that: [¶] 1A. The defendant did an act that by its nature would directly and probably result in the application of force to a person, and [¶] 1B. The force used was likely to produce great bodily injury; [¶] 2. The defendant did that act willfully; [¶] 3. When the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone; [¶] 4. When the defendant acted, he had the present ability to apply force likely to produce great bodily injury to a person; [¶] 5. When the defendant acted, the person assaulted was lawfully performing her duties as a peace officer; [¶] AND [¶] 6. When the defendant acted, he knew, or reasonably should have known, that the person assaulted was a peace office who was performing her duties."

happened here. Appellant broke off the showerhead and positioned himself within striking distance of the victims. The fact that external circumstances, glass with a safety feature, hampered the attack does not exonerate appellant. (*Id.*, at p. 112.) "This proposition would make even less sense where a defendant has actually launched his attack - as in the present case - but failed only because of some unforeseen circumstance which made success impossible." (*Ibid.*) The trier of fact may look to the completed battery to determine whether the defendant committed an assault or assault with a deadly weapon. (*People v. Colantuono* (1994) 7 Cal.4th 206, 218, fn. 9.) Here, the metal showerhead cracked the window on the first throw, causing glass particles to hit Elmore. The second throw penetrated the window, causing glass fragments to cut Zavala's lip.

Appellant argues there is no evidence that he "expected" Elmore and Zavala to be hit by the showerhead or glass fragments. Both were seated at the control desk, in a narrow corridor about six feet from the window. Lieutenant Chestnut testified that a person standing in the shower could see the head and torso of people at the control desk. The jury reasonably inferred that the metal showerhead, if thrown with enough force, would harm Elmore and Zavala. Appellant did not have to specifically intend to inflict a particular injury to be guilty of assault. (*People v. Williams, supra,* 26 Cal.4th 779, 784.) "[T]he crime of assault has always focused on the nature of the action and not of the perpetrator's specific intent." (*Id.*, at p. 786.) There is no requirement that the defendant be subjectively aware of the risk that a battery might occur. (*Id.*, at p. 788.)

"Although it is the jury's duty to acquit a defendant if it finds the circumstantial evidence susceptible of two reasonable interpretations, one of which suggests guilt and the other innocence, it is the jury, not the appellate court that must be convinced of the defendant's guilt beyond a reasonable doubt. [Citation.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1053-1054.) It took no leap in logic for the jury to find that throwing a metal showerhead at a person seated behind a glass window is an assault. Appellant did it twice. "One may commit an assault without making actual physical contact with the person of the victim; because [section 245] focuses on *use* of a deadly weapon or instrument or, alternatively, on force *likely* to produce great bodily injury,

4

whether the victim in fact suffers any harm is immaterial. [Citation.]"  (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1036, fn. 9.)

The judgment is affirmed.

CERTIFIED FOR PUBLICATION


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Manuel Covarrubias, Judge

Superior Court County of Ventura

_____

Greg May, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.