Filed 7/19/16  P. v. Reed CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEANTRAY REED,<br><br>        Defendant and Appellant. | A143247<br><br>(San Francisco City & County<br>Super. Ct. No. 219366) |

A jury convicted defendant Deantray Reed of second degree robbery (Pen. Code, § 211),[1] assault with force likely to cause bodily injury (§ 245, subd. (a)(1)), participation in a criminal street gang (§ 186.22, subd. (a)), and evading an officer (Veh. Code, § 2800.2, subd. (a)).  However, the jury found untrue an alleged enhancement that defendant committed the assault and robbery for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)).  The trial court sentenced defendant to a 15-year four-month prison term.  In computing this term, the court stayed sentence on the gang participation and assault convictions pursuant to Penal Code section 654.  On appeal, defendant challenges only his gang participation conviction.  We agree the conviction is not supported by substantial evidence, and specifically that there is insufficient evidence he committed the assault and robbery with another gang member as required under Penal Code section 186.22, subdivision (a).  We therefore reverse that portion of the judgment.  Because the sentence on this conviction was stayed, there is no change in the prison term.

---

[1] All further statutory references are to the Penal Code unless indicated.

1

Just before 2:59 p.m. on a June afternoon in 2011, the victim saw two men approach her on the street. After passing her, the men doubled back and attacked her. The taller of the two men held and dragged her, the shorter man hit her, and the victim screamed for help. After the struggle, the short man grabbed the victim's purse and the tall man snickered. Both ran off and got into a red vehicle as neighbors arrived and called 911. The victim's credit cards and other personal items were in her purse.

The police tracked charges on the stolen credit cards to two nearby gas stations. Officers linked one credit charge to a station on Bayshore Boulevard. Viewing time-stamped surveillance footage, they concluded the charge was made between 3:15 p.m. and 3:20 p.m., approximately 16 to 23 minutes after the robbery.[2] The footage shows a red boxy vehicle pulling into the station, a man later identified as Devante Robinson emerging from the driver's seat, and that man entering the gas station snack shop. Officers linked a second credit charge to a station on Mission Street. That station's records show use of the victim's credit card at 3:58 p.m. Surveillance video from that time depicts a burgundy vehicle, and officers recognized one of its passengers as defendant, another as Alan McCoy, and a third as Robinson.

When shown photo lineups, the victim identified defendant as the taller assailant, but could not identify anyone as the shorter assailant. She also identified defendant in court when she testified during trial. Other witnesses, neighbors who arrived on scene, also implicated defendant as the tall attacker, but none could identify the other assailant.

At trial, police officers offered their opinions that defendant and McCoy were members of the "Down Below Gang," and Robinson was at least an associate, if not a member of the gang. In height order, McCoy was shorter than defendant, who was shorter than Robinson.

---

[2] One officer believed he started the surveillance video at the point where the robbery took place and watched for 10 minutes. Video time stamps showed activity somewhere between 3:16 p.m. and 3:22 p.m., 17–23 minutes after the 911 call. Another video time stamp, "15:34 minutes," might show activity at 3:34 p.m., approximately 35 minutes after the 911 call, but could also have shown activity at 3:15 p.m.

A jury convicted defendant of second degree robbery (§ 211), assault with force likely to cause bodily injury (§ 245, subd. (a)(1)), participation in a criminal street gang (§ 186.22, subd. (a)) and also an unrelated charge evading a police officer (Veh. Code, § 2800.2, subd. (a)). The jury found not true, however, a gang enhancement allegation pursuant to Penal Code section 186.22, subdivision (b). The trial court sentenced defendant to 15 years four months in state prison on the robbery and evasion convictions, and stayed sentence on the gang participation and assault convictions under section 654.

## DISCUSSION

On appeal, defendant challenges only his conviction of gang participation under section 186.22, subdivision (a), count 4 of the operative information. He contends no substantial evidence supports the conviction.

"[I]n reviewing a challenge to the sufficiency of the evidence, the relevant inquiry is whether, on review of the entire record in the light most favorable to the judgment, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." (*People v. Young* (2005) 34 Cal.4th 1149, 1180 (*Young*).) " 'The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt.' " (*People v. White* (2015) 241 Cal.App.4th 881, 884.) The "court resolves neither credibility issues nor evidentiary conflicts," which remains "the exclusive province of the trier of fact." (*Young*, *supra*, at p. 1181.)

Section 186.22, subdivision (a), criminalizes the conduct of "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang . . . ." (See *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130 (*Rodriguez*).) To be guilty of this "street terrorism" crime, a defendant must "commit an underlying felony with at least one other gang member." (*Id.* at p. 1134.) This means there must be "participation of at least two members of the same gang" in the underlying felony. (*People v. Vega* (2015) 236 Cal.App.4th 484, 503.)

Convictions for street terrorism have been reversed when a defendant acted alone; (*Rodriguez*, *supra*, 55 Cal.4th at p. 1128); when a defendant likely acted alone, or possibly with a girlfriend whose gang membership had not been established (*People v. Rios* (2013) 222 Cal.App.4th 542, 545, 560); when a defendant acted in the presence of another person who was "not a validated gang member" (*People v. Johnson* (2014) 229 Cal.App.4th 910, 923); and when a defendant acted not with a member of *his* gang, but with the member of another gang (*People v. Velasco* (2015) 235 Cal.App.4th 66, 78).

Most recently, in *People v. Vega*, the prosecution offered evidence that the defendant, who admitted gang affiliation, and another person, Giovanni, approached a victim. "One or both" of these men taunted the victim by asking where he was from, a common provocation in gang culture. The victim identified himself as affiliated with a rival of the defendant's gang. A fight then broke out, the victim died from a stab wound, and the defendant was convicted of voluntary manslaughter and a related street terrorism charge under section 186.22, subdivision (a). The appellate court reversed the street terrorism charge. Despite the fight's obvious relationship to gang rivalry, there was no substantial evidence regarding Giovanni's gang affiliation. (*People v. Vega*, *supra*, 236 Cal.App.4th at pp. 489, 503–506.)

During closing argument in this case, the People argued defendant was guilty of the gang participation charge because he committed the underlying offenses of robbery and assault with McCoy and Robinson.

The trial court then instructed the jury using CALCRIM No. 1400 as a template. To find defendant guilty of gang participation, the jury was instructed it needed to find defendant "willfully assisted, furthered, or promoted felonious criminal conduct" and find "at least two gang members . . . participated in the felony offense." The trial court defined "felonious criminal conduct" as "committing or attempting to commit the following crime: assault by means of force likely to produce great bodily injury (Penal Code section 245) or robbery (Penal Code section 211)."

Defendant contends no substantial evidence connects his unidentified accomplice in the robbery and assault, i.e., the short man, to membership in the Down Below Gang.

4

We agree. While the People insist the shorter assailant was McCoy, there is no substantial evidence of McCoy's participation in any criminal activity until he was captured on the surveillance video at the Mission Street gas station at about 3:58 p.m.— nearly an hour after the assault and robbery. No one identified the shorter assailant: not the victim, and not her neighbors. While one could speculate McCoy was the shorter assailant, that is just a possibility and does not constitute substantial evidence necessary to support a conviction. (See *People v. Ramon* (2009) 175 Cal.App.4th 843, 853 ["a mere possibility is not sufficient to support a verdict"].) Indeed, the People have cited no case suggesting such speculation is sufficient to support a street terrorism charge under section 186.22, subdivision (a).

The fundamental problem with the People's suggestion that use of the victim's credit cards at the gas stations could be the felony undergirding the street terrorism conviction is that this is not a theory of the case the People ever tried or argued below or on which they sought instruction, and they may not pursue it for the first time on appeal. (See *People v. Borland* (1996) 50 Cal.App.4th 124, 129 ["It is well established that a party may not change his theory of the case for the first time on appeal."]; cf. *People v. Lewis* (2006) 139 Cal.App.4th 874, 890 [felony murder conviction overturned when jury instructed on underlying felony that could not support felony murder conviction, and when jury not instructed on alternative theory of implied malice murder]; *People v. Hughes* (2002) 27 Cal.4th 287, 349 [in burglary trial, court had well-established duty to instruct jury on elements of "target" offenses the defendant was alleged to have intended upon entry].) This rule against new theories protects a defendant's right to due process, which requires that " 'an accused be advised of the charges against him so that he has a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' " (*People v. Graff* (2009) 170 Cal.App.4th 345, 360.)

In *People v. Moses* (1990) 217 Cal.App.3d 1245, 1250–1253, for example, there was no evidence the stolen property, a cow, was taken by larceny—the only theory of theft argued and instructed on in the trial court. (*Id.* at pp. 1251–1252.) On appeal, the People argued a different theory of theft, misappropriation. (*Id.* at p. 1252.) Rejecting

5

this effort to salvage the conviction, the appellate court explained a new theory cannot "save the conviction" when it " 'contemplates factual situations the consequences of which are open to controversy and were not put in issue in the lower court.' " (*Ibid.*) When "the only theory buttressing the conviction lacks evidentiary support, the judgment must be reversed for lack of evidence." (*Id.* at pp. 1252–1253.)  The same is true here. The People cannot urge a new underlying felony offense that was never argued or instructed on in the trial court to save the street terrorism conviction.

In sum, given the lack of any substantial evidence that the assault and robbery felonies were committed by more than one member of the Down Below Gang, we reverse the gang participation conviction.

**DISPOSITION**

The judgment, as to count 4 only, is reversed.  The length of defendant's prison sentence is unaffected, and remand unnecessary, as the sentence on count four was stayed.  (*People v. West* (1991) 226 Cal.App.3d 892, 900, fn. 17.)  The trial court is directed to forward to the Department of Corrections an amended abstract of judgment.

                                                 _____

                                                 Banke, J.

We concur:

_____

Humes, P. J.


_____

Dondero, J.